# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| GORSS MOTELS, INC., a Connecticut corporation, individually and as the representative of a class of similarly-situated persons, | ) ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 16 cv 1630 |
| v. | ) ) | **CLASS ACTION** |
| SBOCA, LLC, a Tennessee limited liability company, and JOHN DOES 1-5, | ) ) ) ) | |
| Defendants. | ) | |

## CLASS ACTION COMPLAINT

Plaintiff, GORSS MOTELS, INC. ("Plaintiff"), brings this action on behalf of itself and all others similarly situated, through its attorneys, and except as to those allegations pertaining to Plaintiff or its attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendants, SBOCA, LLC and JOHN DOES 1-5 ("Defendants"):

## PRELIMINARY STATEMENT

1.      This case challenges Defendants' practice of sending unsolicited facsimiles.

2.      The federal Telephone Consumer Protection Act of 1991, as amended by the Junk Fax Prevention Act of 2005, 47 USC § 227 ("JFPA" or the "Act"), and the regulations promulgated under the Act, prohibit a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission. The JFPA provides a private right of action and provides statutory damages of $500 per violation. Upon information and belief, Defendants have sent facsimile transmissions of unsolicited advertisements to Plaintiff and the Class in violation of the JFPA, including, but not limited to, the facsimile

transmission of at least eleven (11) unsolicited advertisement between October, 2015 and July, 2016 ("the Faxes"), true and correct copies of which are attached hereto as <u>Group Exhibit A</u>, and made a part hereof. The Faxes describe the commercial availability or quality of Defendants' products, goods and services. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants have sent, and continue to send, unsolicited advertisements via facsimile transmission in violation of the JFPA, including but not limited to those advertisements sent to Plaintiff.

3.      Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.      On behalf of itself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendants under the JFPA. Plaintiff seeks to certify a class including faxes sent to Plaintiff and other advertisements sent without prior opt-out language or without prior express invitation or permission, whether sent to Plaintiff or not.

5.      Plaintiff is informed and believes, and upon such information and belief avers, that this action is based upon a common nucleus of operative facts because the facsimile transmissions at issue were and are being done in the same or similar manner. This action is based on the same legal theory, namely liability under the JFPA. This action seeks relief expressly authorized by the JFPA: (i) injunctive relief enjoining Defendants, their employees, agents, representatives, contractors, affiliates, and all persons and entities acting in concert with

them, from sending unsolicited advertisements in violation of the JFPA; and (ii) an award of statutory damages in the minimum amount of $500 for each violation of the JFPA, and to have such damages trebled, as provided by § 227(b)(3) of the Act.

## JURISDICTION AND VENUE

6.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 47 U.S.C. § 227.

7.     This court has personal jurisdiction over Defendants because Defendants transact business within this judicial district, have made contacts within this judicial district, and/or have committed tortious acts within this judicial district.

## PARTIES

8.     Plaintiff, GORSS MOTELS, INC., is a Connecticut corporation, with its principal place of business within this judicial district.

9.     On information and belief, Defendant, SBOCA, LLC, is a Tennessee limited liability company.

10.    JOHN DOES 1-5 will be identified through discovery, but are not presently known.

## FACTS

11.    On information and belief, between October, 2015 and July, 2016, Defendants transmitted by telephone facsimile machine at least eleven (11) unsolicited facsimiles to Plaintiff.  Copies of the facsimiles are attached hereto as Group Exhibit A.

12.    On information and belief, Defendants receive some or all of the revenues from the sale of the products, goods and services advertised on Exhibit A, and Defendants profit and benefit from the sale of the products, goods and services advertised on Exhibit A.

3

13.     Plaintiff had not invited or given permission to Defendants to send the faxes.

14.     On information and belief, Defendants faxed the same and other unsolicited facsimiles without the required opt-out language to Plaintiff and more than 25 other recipients or sent the same and other advertisements by fax with the required opt-out language but without first receiving the recipients' express invitation or permission.

15.     There is no reasonable means for Plaintiff (or any other class member) to avoid receiving unauthorized faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

16.     Defendants' facsimiles attached as Exhibit A did not display a proper opt-out - notice as required by 47 C.F.R. § 64.1200.

## CLASS ACTION ALLEGATIONS

17.     In accordance with Fed. R. Civ. P. 23(b)(1), (b)(2) and (b)(3), Plaintiff brings this class action pursuant to the JFPA, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability or quality of any property, goods, or services by or on behalf of Defendants, and (3) from which Defendants did not have prior express invitation or permission, or (4) which did not display a proper opt-out notice.

Excluded from the Class are the Defendants, their employees, agents and members of the Judiciary. Plaintiff seeks to certify a class which include but are not limited to the fax advertisements sent to Plaintiff. Plaintiff reserves the right to amend the class definition upon completion of class certification discovery.

18.     Class Size (Fed. R. Civ. P. 23(a)(1)): Plaintiff is informed and believes, and upon such information and belief avers, that the number of persons and entities of the Plaintiff Class is

numerous and joinder of all members is impracticable. Plaintiff is informed and believes, and upon such information and belief avers, that the number of class members is at least forty.

19.     <u>Commonality (Fed. R. Civ. P. 23 (a) (2))</u>:   Common questions of law and fact apply to the claims of all class members. Common material questions of fact and law include, but are not limited to, the following:

(a)     Whether the Defendants sent unsolicited fax advertisements;

(b)     Whether Defendants' faxes sent to other persons, not the Plaintiff, constitute advertisements;

(c)     Whether the Defendants' faxes advertised the commercial availability or quality of property, goods, or services;

(d)     The manner and method the Defendants used to compile or obtain the list of fax numbers to which they sent Exhibit A, other unsolicited faxed advertisements or other advertisements without the required opt-out language;

(e)     Whether the Defendants faxed advertisements without first obtaining the recipient's prior invitation or permission;

(f)     Whether the Defendants sent the faxed advertisements knowingly;

(g)     Whether the Defendants violated the provisions of 47 U.S.C. § 227 and the regulations promulgated thereunder;

(h)     Whether the faxes contain an "opt-out notice" that complies with the requirements of § (b)(1)(C)(iii) of the Act, and the regulations promulgated thereunder, and the effect of the failure to comply with such requirements;

(i)     Whether the Defendants should be enjoined from faxing advertisements in the future;

(j)     Whether the Plaintiff and the other members of the class are entitled to statutory damages; and

(k)     Whether the Court should award treble damages.

20.     <u>Typicality (Fed. R. Civ. P. 23 (a) (3))</u>:  The Plaintiff's claims are typical of the claims of all class members. The Plaintiff received the same or similar faxes as the faxes sent by or on behalf of the Defendants advertising products, goods and services of the Defendants during the Class Period. The Plaintiff is making the same claims and seeking the same relief for itself and all class members based upon the same federal statute. The Defendants have acted in the same or in a similar manner with respect to the Plaintiff and all the class members by sending Plaintiff and each member of the class the same or similar faxes or faxes which did not contain the proper opt-out language or were sent without prior express invitation or permission.

21.     <u>Fair and Adequate Representation (Fed. R. Civ. P. 23 (a) (4))</u>:  The Plaintiff will fairly and adequately represent and protect the interests of the class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the class.

22.     <u>Need for Consistent Standards and Practical Effect of Adjudication (Fed. R. Civ. P. 23 (b) (1))</u>:  Class certification is appropriate because the prosecution of individual actions by class members would: (a) create the risk of inconsistent adjudications that could establish incompatible standards of conduct for the Defendants, and/or (b) as a practical matter, adjudication of the Plaintiff's claims will be dispositive of the interests of class members who are not parties.

23.     <u>Common Conduct (Fed. R. Civ. P. 23 (b) (2))</u>:  Class certification is also appropriate because the Defendants have acted and refused to act in the same or similar manner

6

with respect to all class members thereby making injunctive and declaratory relief appropriate. The Plaintiff demands such relief as authorized by 47 U.S.C. §227.

24.     Predominance and Superiority (Fed. R. Civ. P. 23 (b) (3)):  Common questions of law and fact predominate over any questions affecting only individual members, and a class action is superior to other methods for the fair and efficient adjudication of the controversy because:

(a)     Proof of the claims of the Plaintiff will also prove the claims of the class without the need for separate or individualized proceedings;

(b)     Evidence regarding defenses or any exceptions to liability that the Defendants may assert and attempt to prove will come from the Defendants' records and will not require individualized or separate inquiries or proceedings;

(c)     The Defendants have acted and are continuing to act pursuant to common policies or practices in the same or similar manner with respect to all class members;

(d)     The amount likely to be recovered by individual class members does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based upon common proofs; and

(e)     This case is inherently manageable as a class action in that:

(i)     The Defendants identified persons to receive the fax transmissions and it is believed that the Defendants' and/or Defendants' agents' computers and business records will enable the Plaintiff to readily identify class members and establish liability and damages;

7

(ii)     Liability and damages can be established for the Plaintiff and the class with the same common proofs;

(iii)    Statutory damages are provided for in the statute and are the same for all class members and can be calculated in the same or a similar manner;

(iv)    A class action will result in an orderly and expeditious administration of claims and it will foster economics of time, effort and expense;

(v)     A class action will contribute to uniformity of decisions concerning the Defendants' practices; and

(vi)    As a practical matter, the claims of the class are likely to go unaddressed absent class certification.

**Claim for Relief for Violation of the JFPA, 47 U.S.C. § 227 *et seq.***

25.     The JFPA makes it unlawful for any person to "use any telephone facsimile machine, computer or other device to send, to a telephone facsimile machine, an unsolicited advertisement . . . ." 47 U.S.C. § 227(b)(1)(C).

26.     The JFPA defines "unsolicited advertisement" as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227 (a) (5).

27.     **Opt-Out Notice Requirements.** The JFPA strengthened the prohibitions against the sending of unsolicited advertisements by requiring, in § (b)(1)(C)(iii) of the Act, that senders of faxed advertisements place a clear and conspicuous notice on the first page of the transmission that contains the following among other things (hereinafter collectively the "Opt-Out Notice Requirements"):

      (1)     A statement that the recipient is legally entitled to opt-out of receiving future faxed advertisements – knowing that he or she has the legal right to request an opt-out gives impetus for recipients to make such a request, if desired;

      (2)     A statement that the sender must honor a recipient's opt-out request within 30 days and the sender's failure to do so is unlawful – thereby encouraging recipients to opt-out, if they did not want future faxes, by advising them that their opt-out requests will have legal "teeth";

      (3)     A statement advising the recipient that he or she may opt-out with respect to all of his or her facsimile telephone numbers and not just the ones that receive a faxed advertisement from the sender – thereby instructing a recipient on how to make a valid opt-out request for all of his or her fax machines;

      (4)     The opt-out language must be conspicuous.

The requirement of (1) above is incorporated from § (b)(D)(ii) of the Act. The requirement of (2) above is incorporated from § (b)(D)(ii) of the Act and the rules and regulations of the Federal Communications Commission (the "FCC") in ¶ 31 of its 2006 Report and Order (*In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act, Junk Prevention Act of 2005,* 21 F.C.C.R. 3787, 2006 WL 901720, which rules and regulations took effect on August 1, 2006). The requirements of (3) above are contained in § (b)(2)(E) of the Act and incorporated into the Opt-Out Notice Requirements via § (b)(2)(D)(ii). Compliance with the Opt-Out Notice Requirements is neither difficult nor costly. The Opt-Out Notice Requirements are important consumer protections bestowed by Congress upon the owners of the telephone lines and fax machines giving them the right, and means, to stop unwanted faxed advertisements.

28.    **2006 FCC Report and Order.** The JFPA, in § (b)(2) of the Act, directed the FCC to implement regulations regarding the JFPA, including the JFPA's Opt-Out Notice Requirements and the FCC did so in its 2006 Report and Order, which in addition provides among other things:

A.    The definition of, and the requirements for, an established business relationship for purposes of the first of the three prongs of an exemption to liability under § (b)(1)(C)(i) of the Act and provides that the lack of an "established business relationship" precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 8-12 and 17-20);

B.    The required means by which a recipient's facsimile telephone number must be obtained for purposes of the second of the three prongs of the exemption under § (b)(1)(C)(ii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 13-16);

C.    The things that must be done in order to comply with the Opt-Out Notice Requirements for the purposes of the third of the three prongs of the exemption under § (b)(1)(C)(iii) of the Act and provides that the failure to comply with these requirements precludes the ability to invoke the exemption contained in § (b)(1)(C) of the Act (*See* 2006 Report and Order ¶¶ 24-34);

D.    The failure of a sender to comply with the Opt-Out Notice Requirements precludes the sender from claiming that a recipient gave "prior express invitation or permission" to receive the sender's fax (*See* Report and Order ¶ 48).

As a result thereof, a sender of a faxed advertisement who fails to comply with the Opt-Out Notice Requirements has, by definition, transmitted an unsolicited advertisement under the JFPA. This is because such a sender can neither claim that the recipients of the faxed advertisement gave "prior express invitation or permission" to receive the fax nor can the sender claim the exemption from liability contained in § (b)(C)(1) of the Act.

29.     **The Faxes**. Defendants sent the eleven advertisements between October, 2015 and July, 2016, via facsimile transmission from telephone facsimile machines, computers, or other devices to the telephone lines and facsimile machines of Plaintiff and members of the Plaintiff Class. The Faxes constituted advertisements under the Act. Defendants failed to comply with the Opt-Out Requirements in connection with the Faxes. The Faxes were transmitted to persons or entities without their prior express invitation or permission and/or Defendants are precluded from asserting any prior express invitation or permission or that Defendants had an established business relationship with Plaintiff and other members of the class, because of the failure to comply with the Opt-Out Notice Requirements. By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder by sending the Faxes via facsimile transmission to Plaintiff and members of the Class.  Plaintiff seeks to certify a class which includes these faxes and all others sent during the four years prior to the filing of this case through the present.

30.     **Defendants' Other Violations.** Plaintiff is informed and believes, and upon such information and belief avers, that during the period preceding four years of the filing of this Complaint and repeatedly thereafter, Defendants have sent via facsimile transmission from telephone facsimile machines, computers, or other devices to telephone facsimile machines of members of the Plaintiff Class other faxes that constitute advertisements under the JFPA that

11

were transmitted to persons or entities without their prior express invitation or permission (and/or that Defendants are precluded from asserting any prior express invitation or permission or that Defendants had an established business relationship because of the failure to comply with the Opt-Out Notice Requirements in connection with such transmissions). By virtue thereof, Defendants violated the JFPA and the regulations promulgated thereunder. Plaintiff is informed and believes, and upon such information and belief avers, that Defendants may be continuing to send unsolicited advertisements via facsimile transmission in violation of the JFPA and the regulations promulgated thereunder, and absent intervention by this Court, will do so in the future.

31.     The TCPA/JFPA provides a private right of action to bring this action on behalf of Plaintiff and the Plaintiff Class to redress Defendants' violations of the Act, and provides for statutory damages. 47 U.S.C. § 227(b)(3). The Act also provides that injunctive relief is appropriate. *Id.*

32.     The JFPA is a strict liability statute, so the Defendants are liable to the Plaintiff and the other class members even if their actions were only negligent.

33.     The Defendants knew or should have known that (a) the Plaintiff and the other class members had not given express invitation or permission for the Defendants or anybody else to fax advertisements about the Defendants' products, goods or services; (b) the Plaintiff and the other class members did not have an established business relationship; (c) Defendants transmitted advertisements;  (d) the Faxes did not contain the required Opt-Out Notice; and (e) Defendants' transmission of advertisements that did not contain the required opt-out notice or were sent without prior express invitation or permission was unlawful.

34.     The Defendants' actions caused damages to the Plaintiff and the other class members. Receiving the Defendants' junk faxes caused the recipients to lose paper and toner consumed in the printing of the Defendants' faxes. Moreover, the Defendants' faxes used the Plaintiff's and the other class members' telephone lines and fax machine. The Defendants' faxes cost the Plaintiff and the other class members time, as the Plaintiff and the other class members and their employees wasted their time receiving, reviewing and routing the Defendants' unauthorized faxes. That time otherwise would have been spent on the Plaintiff's and the other class members' business activities. The Defendants' faxes unlawfully interrupted the Plaintiff's and other class members' privacy interests in being left alone.

WHEREFORE, Plaintiff, GORSS MOTELS, INC., individually and on behalf of all others similarly situated, demands judgment in its favor and against Defendants, SBOCA, LLC and JOHN DOES 1-5, jointly and severally, as follows:

A.     That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint the Plaintiff as the representative of the class, and appoint the Plaintiff's counsel as counsel for the class;

B.     That the Court award actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater;

C.     That Court enjoin the Defendants from additional violations; and

D.     That the Court award pre-judgment interest, costs, and such further relief as the Court may deem just and proper.

Respectfully submitted,

GORSS MOTELS, INC., individually and as the representative of a class of similarly-situated persons,

By:     s/Aytan Y. Bellin
        Aytan Y. Bellin  ct28454


**BELLIN & ASSOCIATES LLC**
85 Miles Avenue
White Plains, NY  10606
Telephone:  914-358-5345
Aytan.Bellin@bellinlaw.com

**And:**

Brian J. Wanca (*pro hac vice to be submitted*)
**ANDERSON + WANCA**
3701 Algonquin Road, Suite 500
Rolling Meadows, IL 60008
Telephone: 847-368-1500
bwanca@andersonwanca.com

**EXHIBIT A**

# "Guest Internet Technical Support For Only $0.75!"





1. This Month Only!
2. No Account Set Up Fees!
3. Live Operator Answered!
4. Satisfaction Guaranteed!

## This Once A Year Pricing Special Expires October 31st

**Sboca Wireless Network** is your **Best Choice** when you change your HSIA Vendor and when you upgrade your existing Guest Internet Network. Sboca has been serving hotels for 12+ years, has over 800 satisfied customers and our Technical Support Team is the best in the industry. **GUARANTEED!**

- Our Solutions Are **LOW COST & HIGH QUALITY**
- Sboca Can Support Your Existing Brand-Compliant HSIA System
- Upgrade Your Network = Guests Love Our "Super-Fast" Systems
- We Are 100% Brand-Compliant: Choice, IHG, Marriott & Many Others



## www.sboca.com

*High Speed Internet for Hotel Guests*

## 888-567-2622

Sboca Wireless Network respects your privacy. You are receiving this communication because you are a Sboca customer, partner or because you have recently been added to our notification service. If you would prefer to be removed from this list please call 877-561-1057. 151001A ©2015 Sboca Wireless Network. All rights reserved.

10-20-2015 12:07        815-628-6681        Super 8 Cromwell/Middletown                1/1

# "Guest Internet Technical Support For Only $0.75!"





1. This Month Only!
2. No Account Set Up Fees!
3. Live Operator Answered!
4. Satisfaction Guaranteed!

## This Once A Year Pricing Special Expires October 31st

Sboca Wireless Network is your best choice when you change your HSIA Vendor and when you UPGRADE your existing Guest Internet Network. Sboca has been serving hotels for 11 years, has over 800 satisfied customers. Our 24 hour Technical Support Team is the best in the industry. GUARANTEED!

* Our Solutions ARE LOW COST & HIGH QUALITY
* Sboca Can Support Your Existing Brand Compliant HSIA System
* Upgrade Your Network – Guests Love our "Super-Fast" Systems
* We Are 100% Brand Compliant Choice, IHG, Marriott & Many Others.



# www.sboca.com

*High Speed Internet for Hotel Guests*

# 888-567-2622

Sboca Wireless Network respects your privacy. You are receiving this communication because you are a Sboca customer, partner or because you have recently been added to our notification service. If you would prefer to be removed from this list please call 877-501-1057. 151001A © 2015 Sboca Wireless Network. All rights reserved.

# Hospitality Gateway + Guest Support = $1.25!

**Buy A New Hospitality Gateway That Can Handle Your Hotels HSIA Traffic!***




**CERTIFIED**

*** The WSJ reports BYOD is exploding!** Guests travel with more devices and your Internet system needs to support them all. Sboca can help. NO MORE COMPLAINTS!

**Sboca Wireless Network is your Best Choice** when you change your HSIA Vendor and when you upgrade your existing Guest Internet Network. Sboca has been serving hotels for 12+ years, has over 800 satisfied customers and our Technical Team is the best in the industry. GUARANTEED!

* Our Solutions Are LOW COST & HIGH QUALITY
* Sboca Can Support Your Existing Brand-Compliant HSIA System
* Upgrade Your Network = Guests Love Our "Super-Fast" Systems
* We Are 100% Brand-Compliant: Choice, IHG, Marriott & Many Others


**WIRELESS NETWORK**

# www.sboca.com

*High Speed Internet for Hotel Guests*

# 888-567-2622

Sboca Wireless Network respects your privacy. You are receiving this communication because you are a Sboca customer, partner or because you have recently been added to our notification service. If you would prefer to be removed from this list please call 877-801-1057. 15110IA © 2015 Sboca Wireless Network. All rights reserved.

12-08-2015 12:16        615-628-6681        Super 8 Croswell/Middletown        P 1/1

# Hospitality Gateway + Guest Support = $1.40!

## Buy A New Hospitality Gateway That Can Handle Your Hotels HSIA Traffic!*




**Wi-Fi CERTIFIED** ®

**\* The WSJ reports BYOD is exploding!** Guests travel with more devices and your Internet system needs to support them all. Sboca can help. NO MORE COMPLAINTS!

## Multi-Property, 10% Corporate Discounts Available!

Sboca Wireless Network is your Best Choice when you change your HSIA Vendor and when you upgrade your existing Guest Internet Network. Sboca has been serving hotels for 12+ years, has over 800 satisfied customers and our Technical Team is the best in the Industry. <u>GUARANTEED!</u>

* Our Solutions Are **LOW COST & HIGH QUALITY**
* Upgrade Your Network = Guests Love Our "Super-Fast" Systems
* We Are 100% Brand-Compliant: Choice, IHG, Marriott & Many Others


**sboca**
WIRELESS NETWORK

## www.sboca.com
*High Speed Internet for Hotel Guests*
### 888-567-2622

Sboca Wireless Network respects your privacy. You are receiving this communication because you are a Sboca customer, partner or because you have recently been added to our notification service. If you would prefer to be removed from this list please call 877-501-1057. 151201A © 2015 Sboca Wireless Network. All rights reserved.

01-13-2016 10:02        615-620-6801        Super 8 Cromwell/Middletown        D 1/1



## Hotel HSIA Systems & Guest Helpdesk
Sboca Wireless Network | High Speed Internet Access for Hotels
Tel: 615.620.6800 | info@sboca.com

# Constant Problems With Your Internet Service & Support? Give Sboca A Call!

| | Good | Better | Best |
|---|---|---|---|
| **A. Internet Access Gateway** | | | |
| Brand Compliant Hospitality Gateway | No | Yes | Yes |
| Plug and Play | * | Yes | Yes |
| Terms and Conditions | * | Yes | Yes |
| Redirect to Portal Page | * | Yes | Yes |
| Controlled Access (password or access code) | * | Yes | Yes |
| **B. 24/7 Guest & Staff Support** | | | |
| 800# | Yes | Yes | Yes |
| Email | Yes | Yes | Yes |
| Web | Yes | Yes | Yes |
| **C. 24/7 Property Monitoring & Diagnosis** | | | |
| Reactive Monitoring | Yes | Yes | Yes |
| Proactive Monitoring | Yes | Yes | Yes |
| Remote Diagnosis and Repair | No | Yes | Yes |
| **D. Property Maintenance & Support** | | | |
| New Wireless 802.11 AC Network Installed | No | No | Yes |
| Account Origination ɪ Tech Travel Expense | Yes | No | Yes |
| Gateway Software - Remote | No | Yes | Yes |
| Gateway Hardware - Depot Repair | No | Yes | Yes |
| Gateway Hardware - Onsite Spares | No | Optional | Optional |
| Network Hardware - Depot Repair | No | No | Yes |
| Network Hardware - Onsite Spares | No | No | Optional |
| Onsite Technical Support | No | No | Yes |
| **E. Security** | | | |
| Room to Room Security | * | * | Yes |
| Wireless to Wireless Security | * | * | Yes |
| Wireless to Guest Room Security | * | * | Yes |
| Back Office (PMS) to Room Security | * | Yes | Yes |
| Hotel Operations to Room Security | * | Yes | Yes |
| Physical Security of Access Points | * | * | Yes |
| **F. Pricing Per Room Per Month** | **$0.86** | **$1.36** | **$3.86** |

\* Services Are Dependant Upon Existing Customer Equipment, In Place & Functional Guest HSIA Network

# 888-567-2622

Sboca Wireless Network respects your privacy. You are receiving this communication because you are a Sboca customer, partner or because you have recently been added to our notification service. If you would prefer to be removed from this list please call 877-501-1057. 160101A
© 2015 Sboca Wireless Network. All rights reserved.

02-08-2016 10:33     615-628-6681     Super 8 Cromwell/Middleten          P 1/1



# "Better Than Candy & Flowers. It's The Best 50¢ I've Ever Spent!"

## Get Brand-Compliant Hotel Guest Technical Support For Only $0.50 Per Room!  Offer Expires February 28th



Sboca is your **Best Choice** when you change your HSIA Vendor and when you upgrade your existing Guest Internet Network.  Sboca has been serving hotels for 12+ years, has over 800 satisfied customers and our Technical Team is the best in the Industry.  <u>GUARANTEED!</u>

## Multi-Property, 10% Corporate Discounts Available!

- Upgrade Your Network = Guests Love Our "Super-Fast" Systems
- Our Solutions Are LOW COST & HIGH QUALITY
- We Can Support Your Existing Brand-Compliant Network
- 100% Brand-Compliant With Choice, IHG, Marriott & Others

Learn more about us via website or telephone.  Thanks for your time!



# www.sboca.com

## High Speed Internet for Hotel Guests

# 888-567-2622

Sboca Wireless Network respects your privacy. You are receiving this communication because you are a Sboca customer, partner or because you have recently been added to our notification service. If you would prefer to be removed from this list please call 877-50?-1057, 160201A  © 2016 Sboca Wireless Network. All rights reserved.

03-08-2016 15:47      615-628-6801      Super 8 Cromwell/Middletown           P 1/1



# Are Guests Lucky To Use Your HSIA Network?

**Sboca** is your **Best Choice** when you change your HSIA Vendor and when you upgrade your existing Guest Internet Network. Sboca has been serving hotels for 12+ years, has over 800 satisfied customers and our Technical Team is the best in the Industry. <u>GUARANTEED!</u>

## Hospitality Gateway + Guest Support = $1.85!

### You Need A Hospitality Gateway That Can Handle Your Hotels HSIA Traffic!



* Upgrade Your Network = Guests Love Our "Super-Fast" Systems
* Our Solutions Are LOW COST & HIGH QUALITY
* We Can Support Your Existing Brand-Compliant Network
* 100% Brand-Compliant With Choice, IHG, Marriott & Others

Learn more about us via website or telephone. Thanks for your time!



**WIRELESS NETWORK**

# www.sboca.com

*High Speed Internet for Hotel Guests*

## 888-567-2622

Sboca Wireless Network respects your privacy. You are receiving this communication because you are a Sboca customer, partner or because you have recently been added to our notification service. If you would prefer to be removed from this list please call 866-328-8334, 16030:A © 2016 Sboca Wireless Network. All rights reserved.



# Visiting Nashville For The 2016 AAHOA Annual Convention?

**Sboca** is your **Best Choice** when you change your HSIA Vendor and when you upgrade your existing Guest Internet Network. Sboca has been serving hotels for 12+ years, has over 800 satisfied customers and our Technical Team is the best in the industry. <u>GUARANTEED!</u>

## Visit Us! Booth 828

## Free Gift & HSIA Consultation

### 20% Discount On All Current March Pricing Plans!

- Upgrade Your Network = Guests Love Our "Super-Fast" Systems
- Our Solutions Are **LOW COST & HIGH QUALITY**
- We Can Support Your Existing Brand-Compliant Network
- 100% Brand-Compliant With Your Major Franchises & Others

Learn more about us via website or telephone. Thanks for your time!



**sboca**
*WIRELESS NETWORK*

# www.sboca.com

*High Speed Internet for Hotel Guests*

# 888-567-2622

Sboca Wireless Network respects your privacy. You are receiving this communication because you are a Sboca customer, partner or because you have recently been added to our notification service. If you would prefer to be removed from this list please call 866-328-8354. 160301A © 2016 Sboca Wireless Network. All rights reserved.

04-14-2016 7:29    615-630-6901    Super 8 Crossville/Middletown    1/1

# Hospitality Gateway + Guest Support = $1.00!



> *"If you've ever thought about changing HSIA vendors, now is the time to change to Sboca!"*
> - 2016 AAHOA Convention Attendees

Start A New Program With Sboca By April 30th & Receive A FREE Gateway!

Many Guest problems are caused by old & poor-performing Gateways. Sboca's Gateways are **high-performance**, work great and are compliant for all major hotel brands.

## Multi-Property, 10% Corporate Discounts Available!

Sboca Wireless Network is your **Best Choice** when you change your HSIA Vendor and when you upgrade your existing Guest Internet Network. Sboca has been serving hotels for 12+ years, has over 800 satisfied customers and our Technical Team is the best in the Industry. GUARANTEED!

- Our Solutions Are **LOW COST & HIGH QUALITY**
- We Can Support Your Existing Brand-Compliant Network
- Upgrade Your Network = Guests Love Our "Super-Fast" Systems



## www.sboca.com

*High Speed Internet for Hotel Guests*

## 888-567-2622

Sboca Wireless Network respects your privacy. You are receiving this communication because you are a Sboca customer, partner or because you have recently been added to our notification service. If you would prefer to be removed from this list please call 888-328-3354. 160401A © 2016 Sboca Wireless Network. All rights reserved.

# "Hotel Guest Internet Technical Support For Only $0.75!"





1. This Month Only!
2. Live Operator Answered!
3. 24 X 7 Network Monitoring!
4. 100% Satisfaction Guaranteed!

## Multi-Property, 10% Corporate Discounts Available!

**Sboca Wireless Network** is your **Best Choice** when you change your HSIA Vendor and when you upgrade your existing Guest Internet Network. Sboca has been serving hotels for 12+ years, has over 800 satisfied customers and our Technical Team is the best in the Industry. <u>GUARANTEED!</u>

- Our Solutions Are **HIGH QUALITY & LOW COST**
- We Can Support Your Existing Brand-Compliant Network
- Upgrade Your Network = Guests Love Our "Super-Fast" Systems



## www.sboca.com

*High Speed Internet for Hotel Guests*

## 888-567-2622

Sboca Wireless Network respects your privacy. You are receiving this communication because you are a Sboca customer, partner or because you have recently been added to our notification service. If you would prefer to be removed from this list please call 866-328-8354. 160801A © 2016 Sboca Wireless Network. All rights reserved.

# Hospitality Gateway + Guest Support = $0.99!



*"If you've ever thought about changing HSIA vendors, now is the time to change to Sboca!"*
— 2016 AAHOA Convention Attendees

Start A New Program With Sboca & Receive A **FREE** Gateway! Code: July16

Many Guest problems are caused by old & poor-performing Gateways. Sboca's Gateways are **high-performance**, work great and are compliant for all major hotel brands.

## Multi-Property, 10% Corporate Discounts Available!

**Sboca Wireless Network** is your **Best Choice** when you change your HSIA Vendor and when you upgrade your existing Guest Internet Network.  Sboca has been serving hotels for 12+ years, has over 800 satisfied customers and our Technical Team is the best in the Industry. <u>GUARANTEED!</u>

- Our Solutions Are **HIGH QUALITY & LOW COST**
- We Can Support Your Existing Brand-Compliant Network
- Upgrade Your Network = Guests Love Our "Super-Fast" Systems



# www.sboca.com

*High Speed Internet for Hotel Guests*

# 888-567-2622

Sboca Wireless Network respects your privacy. You are receiving this communication because you are a Sboca customer, partner or because you have recently been added to our notification service. If you would prefer to be removed from this list please call 866-328-8354. 160701A © 2016 Sboca Wireless Network. All rights reserved.